**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| DEANTE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  22-3810 (UNA) |
| | ) | |
| | ) | |
| OFFICE OF ATTORNEY GENERAL FOR | ) | |
| THE DISTRICT OF COLUMBIA *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*.  The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994) (citations omitted).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.

Plaintiff Deante Phillips resides in Washington, D.C.  He has sued the D.C. Office of Attorney General, the D.C. Child and Family Services Agency, and three D.C. Superior Court judges, seeking $250,000 and "the dismissal of the Child Custody Case involving Mr. Phillips and the Defendants[.]"  Compl., ECF No. 1 at 3.

This federal district court lacks jurisdiction to review another court's decisions and order it to take any action.  *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.") (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)).  Plaintiff's recourse lies, if at all, in the D.C. Court of Appeals and the U.S. Supreme Court.  *See Gray v. Poole*, 243 F.3d 572, 578, n.5 (D.C. Cir. 2001) ("Other than the D.C. Court of Appeals, the United States Supreme Court is the only court with jurisdiction to review" validity of child neglect action); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari[.]").

Apart from the foregoing jurisdictional barrier, the individually named defendants enjoy absolute immunity from this lawsuit because it is premised solely on their decisions rendered as Superior Court judges with jurisdiction over the child custody case.  *See* Compl. at 13-17; *Miller v. Marriott Int'l LLC*, 378 F. Supp. 3d 1, 7 (D.D.C. 2019) (a judge's "issuance of an order . . . is a quintessential judicial act for which [the judge] enjoys absolute immunity"); *Caldwell v. Obama*, 6 F. Supp. 3d 31, 44 (D.D.C. 2013) ("The acts of assigning a case, ruling on pretrial matters, and rendering a decision all fall within a judge's judicial capacity.") (citations and internal quotation marks omitted)).  Therefore, this case will be dismissed by separate order.

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge

Date: January 26, 2023